ROBERT S. SKANADORE, doing business as SKAN-
ADORE PLUMBING and HEATING,

*Plaintiff and Respondent,*

vs.

ROBERT W. ANDERSON,

*Defendant and Appellant.*

(No. 2746; Jan. 6, 1957; 304 Pac.(2d) 1072)

For the defendant and appellant the cause was submitted upon the brief of Donald M. Starnes of Cheyenne, Wyoming.

For the plaintiff and respondent the cause was submitted upon the brief of Thomas L. Whitley and Paul T. Liamos, Jr., both of Newcastle, Wyoming.

426

## OPINION

Mr. Chief Justice BLUME delivered the opinion of the Court.

In this case the plaintiff Robert S. Skanadore, doing business as Skanadore Plumbing and Heating, brought an action on March 26, 1955, against the defendant Robert W. Anderson for the recovery of $680 as a balance due for installing plumbing and heating in some houses constructed by the defendant, and the sum of $139.62 for extra items furnished to the defendant. The defendant disputing the amount due for various items, pleaded that plaintiff was paid $526.61 more than was due him, and by cross petition claimed judgment for that amount against the plain-

tiff. The trial court gave judgment in favor of plaintiff for the sum of $680, the amount due for installing plumbing and heating, disallowed the claim for extra items, and also disallowed the counterclaim of defendant. From that judgment the defendant has appealed. Plaintiff has acquiesced in the disallowance of the claim for extra items, so that it is not necessary to make further reference thereto.

There is no dispute between the parties as to the labor and materials furnished by the plaintiff to the defendant. The dispute is as to the amount due for various items. The plaintiff's testimony is substantially as follows: He installed plumbing for the defendant in two houses at the rate of $765 per house, and in another house for $825; that he installed heating plants in these houses at the rate of $666 per house. The defendant then wanted to construct a series of five houses ,but thought the prices charged therefor by the plaintiff, as above mentioned, were too high, and wanted a lower price if possible. So it was agreed by the parties, about December 8, 1953, that the plaintiff should furnish the plumbing and heating plant for a test house on the basis of the cost of labor and material furnished, and taking that as a basis to then determine at what price the plumbing and heating plants for the other four houses could be furnished. Plaintiff found he could install the plumbing for $595 and the heating plant for $595 in each of the houses, and quoted that price to defendant. The defendant agreed to that price. The amount due for the test house, in the sum of $1,190, was paid by defendant on January 18, 1954. Plaintiff then installed the plumbing and heating plants in the other four houses at the quoted price, namely, $1,190 for each $595 for plumbing and $595 for heating), making a total of $4,760. Defendant paid $4,000 in cash

and he furnished an $80 heater for one house, making a total payment of $4,080, leaving due the sum of $680. As already stated, the court gave plaintiff judgment for this amount.

The defendant's counterclaim is based partially on the contention that the amount claimed by plaintiff for labor and material furnished for the houses, other than the five above mentioned, was erroneous. He contends, for instance, that the agreed price for installing the heating plant in the so-called Montgomery house was $546, instead of $666 as claimed and testified to by plaintiff. Furthermore, the plaintiff testified in substance that the amounts due for houses other than the four above mentioned were paid and settled on January 18, 1954. The court resolved the conflict in the testimony in favor of plaintiff and with that finding we cannot, according to well known rules of law, interfere. Defendant's counterclaim is further based on his contention and testimony to the effect that plaintiff, through his employee Crosswhite, agreed to install the heating plants in the five houses for the sum of $463 each, while the plaintiff claimed the agreed price to have been the sum of $595 each. Crosswhite worked for plaintiff until October 19, 1953. Defendant testified that Crosswhite, before October 19, 1953, agreed that the heating plants should be furnished for $463 each. Crosswhite's testimony is somewhat uncertain. It appears, however that at that time, the parties were contemplating a project of ten houses, not five. This would make a difference as shown by Crosswhite's testimony. Plaintiff testified that Crosswhite had no authority to make a binding contract for the plaintiff, nor is it clear that Crosswhite claimed such authority. The court evidently adopted plaintiff's view. So it is not necessary to consider the rule discussed at length in the brief of

defendant as to the authority of an agent of the plaintiff. As a matter of fact the contention in this respect appears to be clearly in favor of plaintiff. On January 18, 1954, the defendant owed the plaintiff for labor and material furnished for houses, other than the five above mentioned, the sum of $2,566.26, or within a few cents of that. Plaintiff presented a bill to the defendant on that date for the amount so due. Defendant paid it, and according to plaintiff's testimony, as well as the testimony of the defendant, the latter voluntarily and personally added to the amount otherwise due the sum of $1,190 ($595 plus $595), the amount claimed to be due by plaintiff for the installation of plumbing and heating in the test house, making a total payment on January 18, 1954, of $3,716.26. This would seem to show clearly, or the trial court had at least the right to find, the agreed price for heating to be that which the plaintiff claimed.

It would seem to be clear that we cannot disturb the finding and conclusion of the trial court based on conflicting testimony, and the judgment of the trial court should be and is affirmed.

Affirmed.